**Lori Ann PARR, Plaintiff–Appellant,**

v.

**MIDDLE TENNESSEE STATE UNIVERSITY; Donald Curry; J. Maier, Dr.; Michael A. Gibson; James Walker, President, Defendants–Appellees.**

No. 02–5925.

United States Court of Appeals, Sixth Circuit.

May 13, 2003.

Before GUY, BOGGS, and DAUGHTREY, Circuit Judges.

## ORDER

Lori Ann Parr, a Tennessee resident proceeding pro se, appeals a district court order dismissing her complaint filed under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1213(1)(A), and the Rehabilitation Act of 1973, 29 U.S.C. § 504. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Parr filed two separate actions against the defendants: Middle Tennessee State University ("MTSU") and several of its individual officers who are sued in their individual and official capacities. Parr's claims in both actions arise out of the defendants' alleged failures to make reasonable accommodations for her to complete a master's degree program, including the taking of the comprehensive examination requirement. Parr also alleges retaliation for her requests for accommodations under the ADA.

In *Parr v. Middle Tenn. State Univ., et al.,* No. 3–98–0865 (*Parr I*), Parr sues MTSU as well as Donald Curry, J. Maier, Dr. Michael A. Gibson, and James Walker, who are MTSU faculty and administrators. In *Parr v. Middle Tenn. State Univ., et al.,* No. 3–00–0398 (*Parr II*), Parr sues MTSU as well as Dr. C. Nathan Adams, a university employee. In the latter action, the Honorable Robert L. Echols adopted a report and recommendation to consolidate and transfer the latter action with the former action.

In *Parr I,* the Honorable Todd J. Campbell, District Judge, denied the defendants' motion to dismiss, but allowed an interlocutory appeal by defendant MTSU on its

875

Eleventh Amendment immunity defense. Judge Campbell, however, allowed the action to proceed against the individual defendants. In subsequent proceedings, the district court granted the individual defendants' motion to dismiss Parr's claims against them in their individual capacities.

In *Parr II*, the defendants moved to dismiss MTSU and Parr's claims against defendant Adams, in his official capacity. While the motion to dismiss was pending, the *Parr I* defendants filed a motion to stay all proceedings in both cases pending the outcome of the interlocutory appeals. The district court granted the defendants' motion to stay these proceedings, and denied MTSU's motion to dismiss.

The interlocutory appeals were assigned Case Nos. 98–6701 and 99–6296. The first appeal (98–6701) involves MTSU and the second appeal (99–6296) involves the individual defendants in *Parr I*. In 99–6296, the panel reversed the district court's denial of the individual defendants' motion to dismiss based on sovereign immunity. This court remanded the case to the district court with instructions to dismiss the claims against the individual defendants in their official capacities. In 98–6701, the panel reversed the district court's denial of MTSU's motion to dismiss and remanded the case to the district court for further proceedings in light of the en banc decision in *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 816–18 (6th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 72, 154 L.Ed.2d 15 (2002).

Prior to the resolution of the interlocutory appeals in Case Nos. 98–6701 and 99–6296, the district court dismissed Parr's complaint for lack of subject matter jurisdiction, citing this court's initial decision in *Popovich v. Cuyahoga County Court of Commons Pleas*, 227 F.3d 627, 639–40 (6th Cir.2000) (holding that states are immune from liability under Title II of the ADA),

*rev'd en banc,* 276 F.3d 808 (2002). Parr's subsequent motion to alter or amend the judgment was denied. This appeal followed.

The applicability of the Eleventh Amendment to claims against the states under the ADA is a question of law which this court reviews *de novo. See Timmer v. Mich. Dep't of Commerce,* 104 F.3d 833, 836 (6th Cir.1997).

Upon review, we conclude that the district court properly dismissed Parr's complaint for lack of subject matter jurisdiction. State sovereign immunity bars Title II claims against state entities to the extent such claims are based on equal protection discrimination principles. *Popovich,* 276 F.3d at 816–18. All of Parr's claims are based on such equal protection principles.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.